**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 25-cv-80745-MIDDLEBROOKS/Reinhart

SUZETTE GRACE RODRIGUEZ,

    Plaintiff,
v.

THE STATE OF FLORIDA, et al.,

    Defendants.
_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, RESTRICTING PRO SE PLAINTIFF'S FUTURE FILINGS AND CLOSING CASE**

THIS CAUSE comes before the Court on United States Magistrate Judge Bruce Reinhart's Report and Recommendation ("R&R"), entered July 15, 2025 (DE 13), and Plaintiff's objections to it, dated July 29, 2024 (DE 15). Judge Reinhart recommends that I dismiss Plaintiff's Complaint without prejudice and that I grant leave to amend. I will dismiss the Complaint, but I will do so with prejudice. Moreover, for the reasons explained below, Plaintiff's future pro se filings in this matter will be restricted, and this case will be immediately closed.

I have conducted an independent *de novo* review of the Report and the record as a whole. The Report correctly concludes that Plaintiff fails to state a claim, but in my estimation the problem is far worse than that. Plaintiff's "Criminal Mandamus Indictment and Summary Judgment in the United States Federal Circuit," is the document she attaches to her pro se civil Complaint form. (DE 1). (The complaint form itself provides no allegations at all, it just indicates "see attached," in multiple places.) As a whole, Plaintiff's filing is incoherent and wholly nonsensical, demanding that "the criminal indictment be respectively processed" as to "case with appendix 9:19-CIV-80817-RAR-Mandamus Granted Issued to the Florida Supreme Court." (DE 1 at 6). This appears

to be a reference to the case of *Rodriguez v State of Florida,* Case no. 19-80817-CV-Ruiz, a prior pro se civil case alleging false arrest that Plaintiff filed six years ago, and which Judge Ruiz summarily dismissed and closed.

Plaintiff goes on to cite "Discovery Principles I-A" in a "resistance of Criminal Mandamus Count," followed by a two-page list of what appear to be federal criminal statutes but without any explanation or context provided. (DE 1 at 6-8). Plaintiff says that "each defendant" has "denounce[d] official obligations to comply" with an unspecified law by contributing to "reckless, voluntary, aggravated, manslaughters against vulnerable family members while attempting to avoid damages, entertain lynching and contemporary condemnation, displacing it all onto the affiliation of Republican. [sic]" (DE 1 at 10, emphasis in original). She seeks damages of "$500,000,000,000.00-500B-USD." (DE 1 at 11). The allegations are rambling and almost entirely unintelligible.

And not only does she vaguely allude to the 2019 false arrest case, her Complaint further cites two other dismissed civil cases that she previously filed in this court: *Rodriguez v. David Aaronberg, et al.,* 22-81458-CV-DMM, and *Rodriquez v State of Florida,* 23-80855-CV-AMC. I have examined the dockets in those cases. There, as here, Plaintiff's complaints were frivolous and incomprehensible.

Indeed, my independent review of court records in the Southern District of Florida reveals a remarkable history of past pro se filings by this Plaintiff, dating back to 2013. As far as I can tell, no case that she has ever filed was found to have substance and all were dismissed for varying reasons: *Rodriguez v City of Boynton Beach,* Case no. 13-80012-CV-JAL; *Rodriguez v Commissioner of Social Security,* Case no. 15-80245-CV-KAM; *Rodriguez v City of Boynton Beach,* Case no. 18-81409-CV-DMM; *Rodriguez v Department of Children and Families,* Case

2

no. 19-80815-CV-WPD; *Rodriguez v. Palm Beach County Housing Authority,* Case no. 19-81210-CV-RKA; *Rodriguez v. Vesta Property Services, Inc.,* Case no. 20-80049-RLR; *Rodriguez v. Commissioner of Social Security,* Case no. 24-80261-CV-AMC.

In all, this totals nearly a dozen cases in as many years.

For these reasons, not only is Plaintiff's Complaint in this case dismissed, but her continuous, vexatious, and repetitive filing of frivolous pro se civil lawsuits over the course of over a decade warrant Plaintiff being restricted from filing any future *pro se* filings in this matter. This injunctive restriction is essential and prudent to avoid conduct that impairs the rights of other litigants and the Court's ability to effectively carry out its Article III functions. *See Johnson v. 27th Ave. Caraf, Inc.*, No. 19-14353, 2021 WL 3627604, at *11 (11th Cir. Aug. 17, 2021) (affirming district court order enjoining plaintiffs from filing any future ADA complaints without first obtaining permission from the court) (citing *Procup v. Strickland,* 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc) (per curiam) (finding district courts are given "considerable discretion" in deciding how to impose restrictions, and the only limitation on this power is that the litigants cannot be "completely foreclosed from any access to the court.")); *Watkins v. Dubreuil,* 820 F. App'x 940, 947-48 (11th Cir. 2020) (per curiam) (affirming restrictive sanctions, noting that plaintiff "does not take 'no' for an answer" and "multiplies the litigation by filing frivolous motions for reconsideration and frivolous interlocutory appeals.'").

I will not endeavor to exhaustively analyze the nature, character, and degree of overlap that exists among the slew of cases Plaintiff has previously filed, as would be necessary before imposing and defining the scope of a more broad, pre-filing injunction pursuant to the court's inherent power to curb the adverse systemwide impact of abusive litigants. But this Order will serve as a warning to Plaintiff that if she does file another frivolous civil complaint in this district,

3

she is at risk of being declared vexatious and precluded from future pro se filing of any non-emergency civil lawsuit in this district.

Finally, Plaintiff's request that I recuse from this case is denied. Title 28 U.S.C. § 455 requires a federal judge to "disqualify her/himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §§ 455(a) & (b)(1). The purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 874, 865 (1988).  The standard for recusal under § 455 is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality. *See United States v. Patti,* 337 F.3d 1317, 1321 (11th Cir. 2003). Plaintiff's demand for recusal appears to be premised upon the fact that I have dismissed prior civil cases that she has filed. But an allegation of impartiality must be supported by some factual basis, and a motion for recusal cannot stand on unsupported, irrational or highly tenuous speculation.  *United States v. Cerceda,* 188 F.3d 1291 (11th Cir. 1999).  The fact that I have previously ruled adversely to Plaintiff in other, unrelated matters is not grounds for recusal. Indeed, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States,* 510 U.S. 540, 556 (1994); *see also, Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Magistrate Judge Reinhart's Report and Recommendation (DE 13) is **ADOPTED IN PART.**

2) Plaintiff's Objections to the Report (DE 15) are **OVERRULED.** And Plaintiff's Motion for Recusal, embedded therein, is also **DENIED.**

3) Given the patent frivolity of Plaintiff's Complaint and her filing history, the Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.

4) Moreover, Plaintiff's filings <u>in this case</u> are hereby **RESTRICTED**. Thus, no motions to reconsider or reopen will be entertained. The Clerk is directed **not to docket any future *pro se* filings from Plaintiff** in this matter unless and until they have been approved by this Court.

5) The Clerk of Court is directed to **CLOSE THIS CASE.**

6) Any pending motions are **DENIED AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 4th day of August, 2025.

_____
Donald M. Middlebrooks
United States District Judge

Copies to:
Magistrate Judge Bruce Reinhart
Suzette Grace Rodriguez, pro se
Email: custombagsbygrace@gmail.com
Pro Se